United States District Court
Southern District of Texas
**ENTERED**
January 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NICHOLE HERTEL, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-4448 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM & ORDER

Before the Court are two motions: (1) Plaintiff's Motion to Extend Plaintiff's Expert Designation Deadline (ECF No. 18), and (2) Defendant's Motion to Exclude Plaintiff's Experts (ECF No. 20). The Court held a hearing on the matter on January 25, 2024. For the reasons that follow, the Court now **DENIES** Plaintiff's Motion and **GRANTS** Defendant's Motion.

### I. BACKGROUND

Like many Texans, Plaintiff Nichole Hertel's home was severely damaged by the February 2021 winter storm. Plaintiff brought this suit against Defendant State Farm Lloyds, alleging that Defendant had failed to pay insurance benefits for damage to her property. *See* Pl.'s Compl., ¶¶ 7–14, ECF No. 1-2. Since filing suit, Plaintiff has sold and vacated her home.

In April 2023, the Court issued a Scheduling Order, which provided that Plaintiff's experts would be named with a report furnished by September 13, 2023. ECF No. 8. That deadline notwithstanding, Plaintiff designated Mike Brubaker as an expert and submitted his expert report on December 18, 2023. Mr. Brubaker is an experienced

1

appraiser who would purportedly testify as to the value of Plaintiff's home at the time of sale, as well as what its value would have been had the storm damages been timely remediated and repaired—that is, its diminution in value. *See* Ex. 1 to Pl.'s Mot. 9, ECF No. 18-1.

Plaintiff now seeks an extension of the September 13, 2023 deadline such that Mr. Brubaker's report and testimony could be admitted. Defendant seeks exclusion of Mr. Brubaker's report and testimony, arguing that his testimony and opinions are untimely, unreliable, and irrelevant. Separately, Defendant's Motion seeks exclusion of the testimony and opinions of the following experts: All Peril Adjusting, LLC; Tom Cain; and Southeast Environmental Microbiology Laboratories. In their briefing and in the hearing, the parties made clear that Plaintiff does not plan to introduce testimony or opinions of these experts. Therefore, to the extent that Defendant's Motion seeks exclusion of any expert besides Mr. Brubaker, such requests are **DENIED AS MOOT.** The remaining issue for the Court to resolve is whether Mr. Brubaker's testimony and opinions should be excluded.

## II.    ANALYSIS

In the hearing, the parties' arguments focused on whether Mr. Brubaker's testimony as to the diminution in value of Plaintiff's home is relevant. The parties agree that Plaintiff's insurance policy does not cover diminution in value. *See* Ex. A to Def.'s Resp. 19, ECF No. 22-1. Plaintiff contends that Mr. Brubaker's testimony is relevant to establishing Plaintiff's actual pecuniary loss. *See Sw. Risk, L.P. v. Ironshore Specialty Ins. Co.*, 188 F. Supp. 3d 621, 629 (S.D. Tex. 2016) (explaining that, under Texas law, insureds cannot recover anything from their insurer if they suffered no pecuniary loss;

that is, if proceeds from the sale of their home made them whole). However, the degree of Plaintiff's actual pecuniary loss is not relevant, because Defendant has not raised a pecuniary loss argument. Further, Defendant made clear at the hearing that it does not plan to raise a pecuniary loss argument at trial. If that changes, the Court will reconsider the relevance of Mr. Brubaker's opinion. But at this stage, given that (1) Plaintiff's insurance policy does not cover diminution in value, and (2) the diminution in value of Plaintiff's home is not relevant to any pending legal issue in this case, the Court finds that Mr. Brubaker's testimony is not relevant.

Accordingly, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendant's Motion to Exclude.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 26th day of January, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE